UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBIN S. ROGGENBUCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-0264-CV-W-HFS-P |
| ) | |
| RONDA PASH, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, a convicted state prisoner currently confined at Crossroads Correctional Center in Cameron, Missouri, has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 convictions and 2010 sentences for five counts of possession of child pornography, which were entered in the Circuit Court of Platte County, Missouri. Petitioner's convictions and sentences were affirmed on direct appeal by both the Missouri Court of Appeals, Western District (*State v. Roggenbuck*, No. WD 72045, 2011 WL 5525340 (Mo. Ct. App. Nov. 15, 2011)), and the Missouri Supreme Court (Doc. 12-6; *State v. Roggenbuck*, 387 S.W.3d 376 (Mo. banc 2012)). Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was denied following an evidentiary hearing (Doc. 12-7, pp. 96-107) and that denial was affirmed on appeal therefrom (Doc. 12-11).

**Statement of Facts**

In affirming the denial of post-conviction relief, the Missouri Court of Appeals, Western District, set forth the following facts:

> [Petitioner] was charged with five counts of possession of child pornography. A different picture found on [Petitioner's] computer formed the basis for each count. At trial, the State attempted to admit into evidence uncharged still images found on

[Petitioner's] computer. However, [Petitioner's] trial counsel successfully objected to the admission of uncharged still images into evidence. As a result, the only incidents addressed with the jury were the five charged incidents based on the five still images admitted into evidence. [Petitioner] defended the charges against him by claiming he had no knowledge that the child pornography was on his computer. [Petitioner] did not contend that the five still images admitted into evidence were not child pornography.

Each count was submitted to the jury pursuant to a separate verdict director, Instructions 6 through 10. Each verdict director identified the specific count as to which it was being submitted, but did not identify by exhibit number the still image associated with the count. Instead, each verdict director generally identified an alleged pornographic act reflected in a still image found on [Petitioner's] computer. Trial counsel did not object to the verdict directors.

[Petitioner] was convicted on all five counts of possession of child pornography. His conviction was affirmed on direct appeal. *State v. Roggenbuck*, 387 S.W.3d 376 (Mo. banc 2012). Instructional error was not raised as an issue on appeal. *Id.*

Doc. 12-11, p. 3 (alterations added).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**Discussion**

Petitioner raises six grounds for relief:[2] (1) the affidavit in support of the search warrant was insufficient to establish probable cause to search Petitioner's home and computer; (2) Petitioner should not have been sentenced as a prior and persistent sex offender; (3) trial counsel or the prosecution should have made available to the jury "federal 302 reports" from a grand jury investigation; (4)(5) Petitioner was denied a fair trial because trial counsel did not present a defense computer expert; and (6) trial counsel was ineffective for various reasons.[3] Doc. 1, pp. 5-16. Respondent argues that Ground 1 is not cognizable and, alternatively, is without merit; that Ground 2 is procedurally defaulted and, alternatively, is an issue of state law not cognizable in federal habeas; and that Grounds 3-6[4] are procedurally defaulted. Doc. 12, pp. 3-5.

*I. Ground 1 is not cognizable and, alternatively, is without merit.*

In Ground 1, Petitioner argues that "lies" included in the affidavit in support of the search warrant "created an extreme frenzy and prejudice against [Petitioner] from the start, resulting with a highly questionnable [sic] search [and] seizure." Doc. 1, p. 5. Respondent contends that Ground 1 is not cognizable in federal habeas pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), which held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Doc. 12, p. 3.

---

[2] Petitioner, however, makes the same arguments concerning a defense computer expert in both Grounds 4 and 5. Doc. 1, pp. 10-13. As a result, Grounds 4 and 5 will be discussed together.

[3] Petitioner contends that trial counsel should have acted more quickly to have the original Prosecutor recuse herself from the case to "remed[y]" a conflict of interest existing because the Prosecutor's sister had previously "hit [Petitioner's] car and caused damages." Doc. 1, p. 14. Petitioner also alleges that trial counsel: "refused to investigate false claims . . . [and] known evidence of the Federal Grand Jury;" refused to raise Petitioner's arguments; and failed to object to statements made during the State's closing argument. *Id.* at 14-15.

[4] Respondent appears to have misnumbered Grounds 4 and 5 as Petitioner's "third and fourth grounds." Doc. 12, pp. 4-5.

3

The Missouri Supreme Court summarized Petitioner's state-court challenge to the affidavit in support of the warrant as follows:

> Based on this affidavit,[5] the circuit court found probable cause to warrant a search of Defendant's residence and computer and the seizure of any "[p]roperty, article, material or substance that constitutes evidence of the commission of a crime" and "[p]roperty for which possession is an offense under the laws of this state."
>
> The Fourth Amendment to the United States Constitution guarantees that no warrant shall issue except upon probable cause supported by oath or affirmation. *State v. Neher*, 213 S.W.3d 44, 48-49 (Mo. banc 2007). "In determining whether probable cause exists the issuing magistrate or judge must 'make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him [or her] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* at 49, quoting *Illinois v. Gates*, 462 U.S. 213, 238, (1983). "Accordingly, in reviewing a trial court's ruling on a motion to suppress evidence seized pursuant to a search warrant, the court gives great deference to the initial judicial determination of probable cause that was made at the time the warrant issued." *Id.*, citing *State v. Berry*, 801 S.W.2d 64, 66 (Mo. banc 1990). An appellate court only will reverse if the issuing magistrate or judge clearly erred in initially determining, based on the totality of the circumstances, that probable cause existed. *Id.*, citing *State v. Norman*, 133 S.W.3d 151, at 159 (Mo. App. 2004).
>
> The circuit court did not err in overruling Roggenbuck's motion to suppress. First, the probable cause affidavit alleges criminal activity because the informant alleged that Roggenbuck committed specific acts of sexual abuse against the informant and that there were also "other victims" of sexual abuse perpetrated by Roggenbuck. Sexual abuse is a crime. *See* section 566.100, RSMo Supp. 2007. Second, the affidavit states that the informant advised police that Roggenbuck kept alcohol under his sink to give to "boys" to "have his way with them." The clear implication of these allegations is that Roggenbuck violated section 311.310 by supplying alcohol to minors to commit unspecified sex crimes against those minors. Finally, these assertions were corroborated, in part by a psychologist's first-hand observation of an electric "massager" and large quantities of alcohol in Roggenbuck's home. The totality of the circumstances detailed in the probable cause affidavit is plainly sufficient to establish that "there is a fair probability that contraband or evidence of a crime will be found in a particular place," namely, Roggenbuck's residence.

*Roggenbuck*, 387 S.W.3d at 379-80; Doc. 12-6, pp. 3-5 (footnote added).

In sum, the state court record indicates that Petitioner was given a full and fair opportunity to litigate his Fourth Amendment objections before the state courts. As a result, this Court is precluded

---

[5] The Missouri Supreme Court decision includes an excerpt of the affidavit. Doc. 12-6, p. 3.

from considering Ground 1, and the mere fact that the state courts may have erred on the issue (which does not appear to be the case) does not entitle Petitioner to habeas relief. *See e.g., Matthews v. Workman,* 577 F.3d 1175, 1194 (10th Cir. 2009) (concluding that *Stone* precluded consideration of habeas claim that an affidavit in support of a search warrant was obtained with false statements and intentional material omissions in violation of the Fourth Amendment, because the habeas petitioner was afforded a full and fair opportunity to litigate the claim before the state courts); *Moreno v. Dretke,* 450 F.3d 158, 167 (5th Cir. 2006) (same). Petitioner's only avenue for federal review to determine whether or not his Fourth Amendment claim had been correctly decided would have been a petition for certiorari to the United States Supreme Court after seeking review from Missouri's highest court on direct appeal, which Petitioner did not bring. *See Poitra v. North Dakota*, 79 F. Supp. 3d 1021, 1044 (D.N.D. 2015). Therefore, Ground 1 is barred by the doctrine set forth in *Stone*.

Moreover, even if *Stone* did not bar Ground 1, Petitioner fails to establish that Missouri Supreme Court's determinations as to Ground 1 resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2). Accordingly, Ground 1 is denied.

### II. Grounds 2-6 are procedurally defaulted.

In Ground 2, Petitioner contends that he should not have been sentenced as a prior and persistent sex offender. Doc. 1, p. 7. In Ground 3, Petitioner contends that trial counsel or the prosecution should have made available to the jury "federal 302 reports" from a grand jury investigation, which "should be viewed as a *Brady*[6] issue, possibly." *Id.* at 8. In Grounds 4 and 5, Petitioner contends that he was

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

denied a fair trial because trial counsel did not present a computer expert in his defense. *Id.* at 10, 13. In Ground 6, Petitioner alleges various reasons that trial counsel was ineffective.[7] *Id.* at 14-16.

A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan,* 54 F.3d at 1381.

Although Petitioner asserted Ground 2 in his amended post-conviction motion (Doc. 12-7, pp. 48-49), Petitioner failed to assert it in his post-conviction appeal (Doc. 12-11, p. 4; Doc. 12-9). Petitioner did not present Grounds 3-6 in his motion for a new trial (Doc. 12-2, pp. 111-31), on direct appeal (Doc. 12-3), or in his post-conviction proceedings (Doc. 12-7, pp. 36-70; Doc. 12-9). As a result, Grounds 2-6 are procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under the cause and prejudice test, cause "must be something *external* to the petitioner,

---

[7] *See supra* footnote 3.

6

something that cannot fairly be attributed to him." *Id*. at 753 (emphasis in original). The conduct of counsel is attributed to the client.

In his reply, Petitioner states that "[w]ithout any discussion, [post-conviction counsel] refused to bring up any of Petitioner's issues" because "[n]obody wanted those cans of worms opened anyway." Doc.14, p. 4. Petitioner appears to be attempting to demonstrate cause and prejudice due to post-conviction counsel's ineffective assistance under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Originally, in *Coleman, supra*, the United States Supreme Court held that, because there is no constitutional right to counsel in a state post-conviction proceeding, an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752-54. In *Martinez*, however, the Court recognized a "narrow exception" to *Coleman* by holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315 (alteration added).

To excuse the procedural default of a claim of ineffective assistance of trial counsel under *Martinez*, Petitioner must establish that either (1) "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," or (2) appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* at 1317. To satisfy the second circumstance, "the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Furthermore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-

trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." *Martinez*, 132 S. Ct. at 1318. These two levels of ineffective assistance must be demonstrated.

      **a. Ground 2.**

As to Ground 2, Petitioner cannot use *Martinez* to excuse the procedural default of this ground because it was raised in Petitioner's amended post-conviction motion and defaulted in his post-conviction appeal. *Id.* at 1320 (explaining that its holding does not "concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings"); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause").

Moreover, the interpretation of Missouri's prior and persistent sex offender statutes is purely an issue of state law which fails to state a cognizable federal habeas corpus claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("'federal habeas corpus relief does not lie for errors of state law'"). Accordingly, Petitioner fails to establish cause for the procedural default of Ground 2, and Ground 2 merely raises an issue of state law that is not cognizable in federal habeas.

      **b. Grounds 3-6.**

Although *Martinez* applies to the ineffective assistance of trial counsel claims set forth in Grounds 3-6, Petitioner fails to present specific and particularized facts indicating that each ground is a substantial claim of ineffective assistance of counsel. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) ("[P]etitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified."). Specifically, in Ground 3, Petitioner does not present the "federal 302 reports" or allege what particular information from those reports would have been

8

Case 4:16-cv-00264-HFS   Document 18   Filed 07/21/16   Page 8 of 10

presented to a jury or how that would have affected the outcome of Petitioner's trial.[8] In Grounds 4 and 5, Petitioner does not allege specific facts or information about which a defense computer expert would have testified and how such information would have affected the outcome of his trial. The jury rejected the argument that Petitioner was not culpable for material on his computer based on circumstantial proof and argument that others were responsible. The issue was developed without compelling need for a defense expert. In Ground 6, Petitioner fails sufficiently to allege how he was prejudiced by counsel's alleged failures.

Moreover, Petitioner fails to establish that his post-conviction counsel's alleged failures meet the *Strickland* standard of ineffective assistance. In fact, the record of Petitioner's post-conviction proceedings, including Petitioner's amended post-conviction motion, illustrates that post-conviction counsel performed a full review of Petitioner's case and was familiar with the evidence presented at trial and the relevant legal issues. Doc. 12-7, pp. 36-70. Accordingly, Petitioner fails to establish that post-conviction counsel's decision to raise certain issues in the amended post-conviction motion and omit others was not a reasonable exercise of professional judgment. Therefore, in light of the presumption that post-conviction counsel acted reasonably and the vague nature of Petitioner's allegations, Petitioner fails to show that post-conviction counsel provided ineffective assistance by not asserting the claims underlying Grounds 3-6. Thus, the merits of defaulted issues never presented to the Missouri court cannot be opened for initial review in this Court.

Consequently, Petitioner fails to establish cause for his procedural default of Grounds 2-6. Petitioner fails also to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (Petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was

---

[8] This proceeding is not an appropriate one to initiate discovery, particularly where Petitioner seems to suppose there is something helpful simply because a federal investigation did not lead to an indictment.

9

convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied,* 549 U.S. 1036 (2006). As a result, Grounds 2-6 are procedurally defaulted and are denied.[9]

### Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) Petitioner's pending motions (Doc. 15, 16, 17) are denied;

(2) the petition for writ of habeas corpus is denied;

(3) a certificate of appealability is denied; and

(4) this case is dismissed with prejudice.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: July 21, 2016.

---

[9] Even accepting the sincerity of Petitioner's belief that various aspects of the court system were "unfair" and that his sentence is unduly severe, this Court has no supervisory authority for the reasons stated.